# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES G. COTE, SR., DAVID WORTH and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge Ronald A. Guzmán |
| VILLAGE OF BROADVIEW, an Illinois municipal corporation, | ) ) ) ) | 08 C 6615 |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs James G. Cote, Sr. and David Worth on behalf of all others similarly situated have sued their former municipal employer, the Village of Broadview ("Broadview") for violations of their procedural due process rights pursuant to 42 U.S.C. § 1983 (Counts II, IV and VI) and also seek administrative review of Broadview's denial of benefits pursuant to state law breach of contract claims (Counts I, III and V). Before the Court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). For the following reasons, the Court grants the motion as to Counts II, IV and VI and declines to exercise supplemental jurisdiction as to Counts I, III and V pursuant to 28 U.S.C. § 1367(c)(3).

## Facts

The following facts are those alleged in the complaint, and for the purpose of the current motion, they are accepted as true. Broadview is and was at all times mentioned herein an Illinois municipal corporation. (First Am. Compl. ¶ 6.) Plaintiffs are retired

firefighters/employees of Broadview and pensioners of Village of Broadview's Fire Fighters' Pension Fund as governed by 40 Ill. Comp. Stat. 5/4 101 *et seq*. (*Id.* ¶ 11.)

On or about November 5, 1984, Broadview enacted and/or revised its "Policy on Health Care for Pensioners" (the "Health Care Policy") to affirm, *inter alia*, that Broadview would provide health care insurance coverage to Broadview retirees and their beneficiaries who were direct or indirect recipients of various pension funds (policemen, firemen and other full-time municipal employees) and to further provide that Broadview would pay the premiums for such insurance up to $267.00 per month per pensioner with any premium payment in excess of that amount being the responsibility of the pensioner. (*Id.* ¶¶ 8-9.) On May 1, 1988, Broadview revised the Health Care Policy to include additional Broadview officials to the definition of "pensioner." (*Id.* ¶ 10.) On July 7, 2008, Broadview amended the Health Care Policy ("2008 Amended Policy") such that it would only pay the $267.00 monthly contribution toward a pensioner's health insurance if he or she were ineligible for Medicare. (*Id.* ¶ 17.)

Plaintiffs James G. Cote, Sr., David Worth and all others similarly situated were retired employees and pensioners of Broadview within the meaning of the Health Care Policy during the time period from November 5, 1984 to July 7, 2008 [collectively "Broadview Pensioners"]. (*Id.* ¶ 11.) Plaintiff James G. Cote, Sr. was sixty-five years old on December 4, 1991, and plaintiff David Worth was sixty-five years old on September 4, 2007. (*Id.* ¶¶ 3-4.)

Broadview did not make any contribution for health care insurance premiums for Broadview Pensioners age sixty-five and older for the months of July and August 2006 and May 2007 through April 2008. (*Id.* ¶ 28.) On October 6, 2008, plaintiffs sued Broadview for violation of their due process rights pursuant to section 1983 and for breach of contract.

2

**Discussion**

Pursuant to Rule 12(b)(6), a court shall dismiss a case for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court will accept the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429 (7th Cir. 1996). A claim will not be dismissed unless it appears that the plaintiffs can prove no set of facts entitling them to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level").

**A.     Motion To Dismiss Plaintiffs' Section 1983 Claim for Failure To State a Claim**

Section 1983 "creates a federal cause of action for 'the deprivation, under color of [state] law, of a citizen's rights, privileges or immunities secured by the Constitution and laws of the United States.'" *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994)). The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV § 1. A plaintiff who presents a procedural due process claim seeking relief under section 1983 must establish: "(1) the offending conduct was committed by someone who acted under the color of state law; (2) the actions deprive the plaintiff of a constitutionally protected property interest; and (3) the

alleged deprivation occurred without due process of law." *Germano v. Winnebago County, Ill.*, 403 F.3d 926, 928 (7th Cir. 2005).

Broadview first argues that Counts II, IV and VI must be dismissed because plaintiffs have no constitutionally protected property interest and no additional process beyond post-deprivation state court remedies is due. The Court need not address whether the plaintiffs possess a constitutionally protected property interest within the meaning of the Fourteenth Amendment to continued contractual benefits because the Court holds that any purported property interests were not taken away without due process.

In procedural due process claims, the deprivation by state action of a constitutionally protected property interest is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without the requisite due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted). For cases solely involving a property interest, the state is not always required to provide a hearing prior to the initial deprivation, and the mere postponement of such hearing is not a denial of due process presuming the opportunity given for ultimate judicial determination is adequate. *Parratt v. Taylor*, 451 U.S. 527, 540-41, *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 331 (1986).

Here, plaintiffs bring a section 1983 claim alleging that Broadview improperly deprived them of their constitutionally protected property interest without due process by failing to provide a hearing prior to its diminishing and terminating Broadview's contribution to the health care premiums. (Pls.' Mem. Opp'n Def.'s Rule 12(b)(6) Mot. Dismiss.)

4

Therefore, the first issue the Court must address concerns whether a pre-deprivation hearing was necessary.

To determine whether the Due Process Clause required a pre-deprivation hearing in the case at bar, the standard set forth in *Parratt* is applicable. In *Parratt*, the Supreme Court held that situations involving a tortious loss of property as a result of a "random and unauthorized" act by a state employee or municipality, which by definition is not a loss resulting from some established state procedure, are beyond the state's control and cannot be predicted. 451 U.S. at 541. Because such deprivation occurred beyond the state's control, it would be impractical, if not impossible, to expect the state to provide a meaningful hearing prior to the deprivation; and so long as the state provided a meaningful post-deprivation remedy. *Id.* To hold otherwise would turn "every alleged injury which may have been inflicted by a state official acting under 'color of law' into a violation of the Fourteenth Amendment cognizable under section 1983." *Id.* at 544.

This rationale has been expanded to cover the random and unauthorized intentional conduct of state employees. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that "a state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct"). In addition, the Seventh Circuit further extended the *Parratt-Hudson* reasoning by holding that a section 1983 claim challenging the lack of a pre-deprivation hearing "must be preserved to remedy only those deprivations . . . which resulted from a *state's* conscious decision to ignore the protection guaranteed by the Constitution. *Easter House v. Felder*, 910 F.2d 1387, 1404 (7th Cir. 1990) (emphasis in original). Applying this rationale, this Court must determine whether Broadview's actions in both diminishing and terminating its contribution to the cost of

retirees' health care premiums constituted a random and unauthorized deviation from established state law.

In *Germano v. Winnebago County, Ill.*, the plaintiffs were retired deputies of the county's sheriff department. 403 F.3d at 927. Until 2000, the county board ("board") provided two health insurance plans for employees of the department with the base premium rates being equal for all deputies. *Id.* In 2000, the board amended its plan to require retired deputies to pay higher premiums than active deputies, as well as to terminate participation in the plans for retired deputies over age sixty-five. *Id.* Plaintiffs argued that the board violated their due process rights by failing to hold any sort of pre-deprivation hearing. *Id.* The board admitted that its actions were contrary to state law providing property rights to the retired deputies but contended that it did not rise to the level of a due process violation under section 1983. *Id.*

The Seventh Circuit agreed with the board and held that a pre-deprivation hearing was unnecessary to satisfy the requirements of due process. *Id*. at 929. Adhering to the standard set forth in *Parratt* and its progeny, the court found that the "random and unauthorized" exception applied to the plaintiffs' case. *Id.* The court reasoned that state law prohibited the actions taken by the board and therefore the board's decision to act contrary to state law was not authorized – nor could the state through any sort of pre-deprivation hearing have predicted or prevented the decision. *Id.* Furthermore, the court looked to the adequacy of the post-deprivation remedies and found that even though the state remedies may not provide the plaintiffs with all the relief available under a section 1983 claim, that did not mean that the state remedies were inadequate to satisfy the requirements of due process. *Id.*

Although the Seventh Circuit's analysis in *Germano* arose out of a grant of summary judgment, this Court has applied such analysis to a motion to dismiss. *Id.* at 927; *see Jones v. Ravid*, No. 07 C 207, 2007 WL 3231429, at *3 (N.D. Ill. Oct. 26, 2007) (granting a motion to dismiss a section 1983 claim because adequate remedies for the alleged violations of state law exist in state court); *see also Black v. Frank*, No. 07 C 964, 2007 WL 4510307, at *4 (E.D. Wis. Dec. 18, 2007) (finding that a section 1983 claim cannot survive a motion to dismiss where state law provides an adequate post-deprivation remedy for redressing the missing property).

Applying the Seventh Circuit's rationale in *Germano* to the instant case, the Court must first consider whether the alleged deprivation was authorized by state law. Similar to the state law in *Germano* that prohibited the actions taken by the board, Section 5, Article XIII of the 1970 Illinois Constitution (the "Pension Protection Clause") provides: "Membership in any pension or retirement system of the State, any unit of local government or school district, or any agency or instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired." The plain language of the Pension Protection Clause makes an employee's participation in a public pension plan an enforceable contractual relationship – demanding that the benefits of such relationship not be diminished or impaired. *People ex rel. Sklodowski v. State*, 695 N.E.2d 374, 377 (Ill. 1998). Therefore, if the Court is to take plaintiffs' argument that the Pension Protection Clause prohibits Broadview from diminishing or impairing a state employee's membership in any pension or retirement system as true, then Broadview's actions in directly diminishing and subsequently terminating plaintiffs' rights to premium contributions can hardly be seen as authorized by state law. In actuality, Broadview acted *contrary* to what state law authorized.

7

Finding that state law did not authorize Broadview's actions, the Court must determine whether its actions were nonetheless predictable or foreseeable – and not random. As the Seventh Circuit reasoned in *Germano*, because a state is not able to act as a watchdog over all of its municipalities' decisions in applying state law, Broadview cannot be required under section 1983 to provide a pre-deprivation hearing for random actions. *Id.* at 928. Plaintiffs cite *Zinermon v. Burch*, 494 U.S. 113, in support of their argument that Broadview's actions were not random. (Pls.' Mem. Opp'n Def.'s Rule 12(b)(6) Mot. Dismiss.) In *Zinermon*, the Supreme Court held that the defendant acted in apparent compliance with state statutory requirements for voluntary admission to mental health care facilities and that the alleged deprivation could be foreseen to occur at a predictable point in the admissions process. 494 U.S. at 131, 139. Therefore, the Supreme Court held that in situations where the state feasibly could provide a pre-deprivation hearing before taking property, it generally must do so regardless of the adequacy of a post-deprivation remedy. *Id.* However, unlike the procedures authorized by state statute in *Zinermon* that resulted in a foreseeable and predictable deprivation, because Broadview did not act in compliance with the Pension Protection Clause, its actions could neither be considered predictable nor foreseeable.

In sum, the Court finds that, given the facts as pleaded, Broadview's actions were both random and unauthorized. In addition, the Court finds that Broadview's decision to allegedly act contrary to the Pension Protection Clause could have been neither predicted nor prevented by the state through any sort of pre-deprivation hearing.

Lastly, the Court looks to whether only a post-deprivation proceeding is necessary and if the post-deprivation remedies available at the state level provide the requisite process due. The cases plaintiffs cite in support of their argument that providing only a post-deprivation

8

proceeding is inadequate are easily distinguishable from the case at bar because the alleged deprivations affected more than just one's contract rights but rather his livelihood or means of survival. *See Goldberg v. Kelly*, 397 U.S. 254, 264-65 (1970); *Medcare HMO v. Bradley*, 788 F. Supp. 1460, 1469 (N.D. Ill. 1992).

In *Goldberg*, the issue concerned terminating welfare payments without a pre-deprivation hearing. 397 U.S. at 255. The Supreme Court found that due process required a pre-deprivation hearing there because the "termination of aid pending resolution of a controversy over eligibility [to receive welfare] may deprive an eligible recipient of the very means by which to live while he waits." *Id.*

In *Medcare*, this Court held that a pre-deprivation hearing was necessary before permitting the cancellation of a contract with a not-for-profit serving as an HMO to low-income residents. 788 F. Supp. at 1462. This Court found a pre-deprivation hearing necessary because such cancellation would force plaintiff out of business thereby resulting in a serious potential disruption among the lives of plaintiff's enrollees currently relying on public aid and who would not be able to incur the added expense of traveling to new clinics to obtain needed health care services. *Id.* at 1469.

Considering the severity of the impoverished status of the plaintiffs in *Goldberg* and the plaintiff's enrollees in *Medcare*, providing only post-deprivation proceedings was deemed insufficient to avoid depriving an eligible recipient of the very means by which to live and his ability to obtain medical services. However, unlike the plaintiffs in *Goldberg* and the plaintiff's enrollees in *Medcare*, the plaintiffs here were not denied their only means of survival and Broadview's alleged breach did not leave them without access to health care.

9

Therefore, the Supreme Court's reasoning for requiring a pre-deprivation hearing in *Goldberg* and this Court's reasoning in *Medcare* are inapplicable to the case at bar.

Rather, this case relates more closely to *Matthews v. Eldridge,* a case in which the plaintiff's social security disability benefits were terminated without a pre-deprivation hearing. 424 U.S. 319, 323-35 (1976). In *Matthews*, the Supreme Court distinguished the case from its decision in *Goldberg* by finding that "the hardship imposed upon the erroneously terminated disability recipient may be significant . . . [but] the disabled worker's need is likely to be less than that of a welfare recipient." *Id.* at 342; *see Reich v. Beharry*, 883 F.2d 239, 243 (3d Cir. 1989) (following the Court's rationale in *Matthews* to find that while the plaintiff's interest in timely receipt of a contracted fee is not insubstantial, "it is considerably less weighty than . . . the receipt of social security benefits); *see also Basciano v. Herkimer*, 605 F.2d 605, 609-10 (2d Cir. 1978) (holding that while the plaintiff had a substantial interest in receiving disability retirement benefits, his due process rights to a preliminary hearing were substantially less compelling than that of the individual denied the very means by which to live).

In sum, the Court finds that a post-deprivation proceeding is all the process that is due in this case. Therefore, the only issue left to resolve is whether the post-deprivation state-court remedies are sufficient to afford plaintiffs full relief. *See Schroeder v. Morton Grove Police Pension Bd.*, No. 88 C 9719, 1989 WL 39789, at *1 (N.D. Ill. Apr. 18, 1989); *see also Matthews*, 424 U.S. at 340.

Broadview argues, and the Court agrees, that it is the interpretation of a contract term at issue here being pursued by the plaintiffs under the guise of a due process violation. However, courts, including the Seventh Circuit, have consistently ruled that a mere contract

10

dispute does not give rise to a section 1983 cause of action because an ordinary breach-of-contract suit in state court is a sufficient post-deprivation remedy. *See Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 196-97 (2001) (holding that an ordinary breach of contract suit was enough process due to resolve a state's alleged failure to comply with contract terms that resulted in depriving plaintiffs of payments); *Costello v. Fairfield*, 811 F.2d 782, 784 (2d Cir. 1987) (holding that the interpretation and subsequent resolution of a contract term through state court remedies did not constitute a denial of due process); *Sudeikis v. Chi. Transit Auth.*, 774 F.2d 766, 770 (7th Cir. 1985) (holding that a city agency's alleged breach of a settlement agreement did not give rise to a viable section 1983 claim); *Buck v. Vill. of Minooka*, 552 F. Supp. 298, 300 (N.D. Ill. 1982) (holding that the due process clause "was never intended to create, via [s]ection 1983, a font of contract law governing ordinary contractual breaches by the state").

Specifically, the Seventh Circuit has ruled that when the issue is the meaning of a contract term, a prior hearing is unnecessary, and the opportunity to litigate in state court is all the process "due" to determine whether the state has breached its contractual promise. *Mid-American Waste Sys. v. City of Gary, Ind.*, 49 F.3d 286, 291 (7th Cir. 1995); *see Garcia v. Kankakee County Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002) (finding that "a unit of state or local government does not violate the federal Constitution just because it violates a state or local law, including the law of contracts"); *Buck*, 552 F. Supp. at 300 (finding that with respect to ordinary breaches of contract "[t]here is nothing a [federal court] can do for plaintiffs that is not probably better available in the state court system").

Furthermore, because plaintiffs who allege that their benefits were improperly terminated may bring a breach of contract suit in state court and receive full retroactive relief

11

if they ultimately prevail, their sole interest is in the uninterrupted receipt of this sort of assistance. *Mathews*, 424 U.S. at 340. Therefore, the alleged deprivation of property resulting from the breach of contract claims is merely a postponement. *Brown v. Brienen*, 722 F.2d 360, 366 (7th Cir. 1983).

In closing, the Court must bear in mind when deciding whether an alleged breach of contract constitutes a due process violation that the Fourteenth Amendment was not intended to shift the whole common law of the states into federal courts. *Id.* at 364-65. The law is clear that the Constitution must not be trivialized by permitting parties to drag it into every dispute involving the state or local government. *Id.*; *Paul v. Davis*, 424 U.S. 693, 699-701 (1976); *see Beary Landscaping, Inc. v. Ludwig*, 479 F. Supp. 2d 857, 868-69 (N.D. Ill. 2007) (finding that it would be a severe intrusion upon state sovereignty to treat every violation of state law as a violation of the Constitution thereby making the federal government the enforcer of state law). Therefore, the Court concludes that where adequate post-deprivation remedies exist in a state court to redress a property deprivation which resulted from a municipality's random and unauthorized deviation from established state policy and procedure, a party cannot maintain a section 1983 action because he has received all of the process that is due under the Constitution. Accordingly, plaintiffs' complaint fails to allege a set of facts that may legally entitle them to relief on their procedural due process claim. Therefore, defendant's motion to dismiss Counts II, IV and VI is granted.

**B.     Motion to Dismiss Plaintiffs' State Law Breach of Contract Claims**

Under 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original

jurisdiction." After a court dismisses all federal claims, the state's interest in applying its own law along with its greater expertise weighs heavily in favor of relinquishing state law claims. *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727-28 (7th Cir. 1998) ("At that point, respect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns."). As discussed above, the Court has granted defendant's motion to dismiss plaintiffs' federal claims under section 1983 and all that remains are plaintiffs' state law breach of contract claims. Accordingly, this Court in its discretion declines to exercise supplemental jurisdiction over Counts I, III, and V.

## **Conclusion**

For the foregoing reasons, the Court: (1) grants defendant's Rule 12(b)(6) motion to dismiss Counts II, IV and VI and dismisses these counts with prejudice; and (2) declines to exercise supplemental jurisdiction over Counts I, III and V pursuant to 28 U.S.C. § 1367(c) and dismisses these counts without prejudice. This case is hereby terminated.

**SO ORDERED**     **ENTERED: August 11, 2009**

_____
**HON. RONALD A. GUZMÁN**
**United States Judge**